MOSES & SINGER LLP
Lawrence L. Ginsburg (LG-6370)
Christopher J. Caruso (CC-8005)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: 212-554-7800
Fax: 212-554-7700

*Counsel to the GUC Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                                      :   Chapter 11
                                                            :
M. FABRIKANT & SONS, INC. and                               :   Case No. 06-12737 (SMB)
FABRIKANT – LEER INTERNATIONAL, LTD.,                       :
                                                            :   (Jointly Administered)
                             Debtors.                       :
                                                            :
------------------------------------------------------------X
BUCHWALD CAPITAL ADVISORS LLC, AS                           :
TRUSTEE OF THE GUC TRUST,                                   :
                                                            :   Adv. Pro. No. 08-01738 (SMB)
                             Plaintiff,                     :
                                                            :
           - against -                                      :
                                                            :
TARA ULTIMO PVT. LTD.,                                      :
                                                            :
                             Defendant.                     :
------------------------------------------------------------X
BUCHWALD CAPITAL ADVISORS LLC, AS                           :
TRUSTEE OF THE GUC TRUST,                                   :
                                                            :   Adv. Pro. No. 08-01739 (SMB)
                             Plaintiff,                     :
                                                            :
           -against-                                        :
                                                            :
T TWO INTERNATIONAL PVT. LTD.,                              :
                                                            :
                             Defendant.                     :
------------------------------------------------------------X

792609v2 011647.0101

```
---------------------------------------------------------------X
BUCHWALD CAPITAL ADVISORS LLC, AS        :
TRUSTEE OF THE GUC TRUST,                :
                                         :   Adv. Pro. No. 08-01740 (SMB)
                    Plaintiff,           :
                                         :
        -against-                        :
                                         :
TARA JEWELS EXPORTS PVT. LTD.,           :
                                         :
                    Defendant.           :
---------------------------------------------------------------X
```

**Supplemental Declaration Of Christopher J. Caruso In Support Of Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving The Settlement Agreement Between Trustee And Tara Entities**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

CHRISTOPHER J. CARUSO, being duly sworn, deposes and says:

1. I am a member of the law firm of Moses & Singer LLP ("M&S"), counsel to Buchwald Capital Advisors LLC (the "Trustee"), as Trustee of the GUC Trust established in the above-captioned cases of M. Fabrikant & Sons, Inc. ("MFS") and Fabrikant-Leer International, Ltd. ("FLI", and together with MFS, the "Debtors"). I am fully familiar with and have personal knowledge of the facts and circumstances set forth herein, and such statements are true and correct to the best of my knowledge.

2. As directed by the Court at the pre-trial conferences held in the above-referenced adversary proceedings on December 22, 2009, I make this declaration in further support of the Trustee's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving the Settlement Agreement Between Trustee and Tara Entities (the "Motion").[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

792609v2  011647.0101                          2

3. By the Motion, the GUC Trust seeks to resolve objections to the claims of Tara Ultimo Pvt Ltd. ("Tara Ultimo"), T Two International Pvt Ltd. ("T Two") and Tara Jewels Exports Pvt Ltd. ("Tara Jewels", and together with Tara Ultimo and T Two, the "Defendants" or "Tara Entities") and claims to recover alleged preferential transfers made by the Debtors to the Defendants.

4. Authority to pursue these avoidance claims was transferred under the Plan to the Shared Assets Trust (the "SAT"). Following the SAT's review of the avoidance claims, it determined not to pursue such claims and abandoned them to the GUC Trust. Despite the defenses raised by the Defendants, the GUC Trust believed the claims had value.[2]

**The Proofs of Claim**

5. The Defendants filed three proofs of claim totaling $6,716,058.99. Specifically, Tara Ultimo filed a claim for $1,316,165.37, T Two filed a claim for $5,378,493.62, and Tara Jewels filed a claim for $21,400.

6. In November, 2007, the Committee objected to such claims because they did not appear on the Debtors' books and records and/or because they were asserted by insiders. Following the Effective Date of the Plan, the Committee was dissolved and the GUC Trust succeeded to the rights of the Committee with respect to such objections. Further investigation by the GUC Trust revealed that there is support for the claims asserted by the Defendants against the Debtors.[3]

---

[2] Had the GUC Trust not pursued these claims, there would have been no affirmative recovery for unsecured creditors on those claims.

[3] The claims are based upon the guarantee by MFS of obligations incurred by Fabrikant Hong Kong Ltd. to the Tara Entities arising out of the sale of goods by the Tara Entities to Fabrikant Hong Kong Ltd.

7.      The Trustee also objected (in the adversary proceedings) to the Defendants' claims pursuant to section 502(d) of the Bankruptcy Code to the extent the Trustee prevailed on his preference claims against the Defendants.

**The Adversary Proceedings**

8.      The GUC Trust is seeking to recover preferential transfers from each of the Defendants. Specifically, the GUC Trust is seeking to recover $1,502,000 from Tara Ultimo, $86,346 from T Two, and $1,500,000 from Tara Jewels.

9.      Each Defendant has asserted that it possesses new value and ordinary course of business defenses. The parties differ on the strength of these defenses, particularly the ordinary course of business defense. However, under the circumstances, the GUC Trust's focus was not limited to the likelihood of success on its claims but also the likelihood of recovery.

10.     The GUC Trust's focus on collectability was based on the fact that the Defendants are foreign entities and, absent any incentive to settle or satisfy a judgment, the Defendants might default and cause the GUC Trust to seek to enforce a judgment overseas. Fortunately, the Defendants had some incentive to settle.

11.     The Defendants' incentive is based on the fact that they have significant claims against the Estate and their hope that they collect on such claims. However, there are three Defendants, each with differing claims and exposures and thus, differing incentives.

12.     It is clear that Tara Jewels had no incentive to defend or pay any amount to settle the GUC Trust's $1.5 million preference claim because Tara Jewels' proof of claim asserted only a $21,400 claim. T Two, on the other hand, had a significant incentive to defend because it asserted a $5.3 million claim but the GUC Trust's claim against T Two is only $86,346. The last defendant, Tara Ultimo, asserted a $1.3 million claim and the GUC Trust is seeking to recover

$1.5 million from Tara Ultimo. Thus, while Tara Ultimo had some independent incentive to defend and settle, given the present low percentage distribution,[4] it is unlikely that it would have paid a significant sum.

13. Given these facts, the GUC Trust estimated that the Defendants would have settled for no more than $216,000 ($86,000 from T Two and $130,000 (or 10% of its $1.3 million claim). To achieve a higher recovery would have required the GUC Trust to litigate (to the extent the Defendants defended) and, if successful, seek to attach the Defendants' assets abroad.

14. Fortunately, however, the GUC Trust was able to avoid the expenses associated with litigating and collecting because the Defendants are hoping to collect on insurance that purports to cover their receivable claims against the Debtors and are motivated to have their claims allowed.[5]

15. Thus, the GUC Trust believes that the proposed settlement of $800,000 (described below) on what in reality is under $1.6 million in preference claims[6] without incurring any further expenses is in the best interests of the GUC Trust's creditors and satisfies the standard under Bankruptcy Rule 9019.

**The Settlement**

16. The GUC Trust's objections to each of the Defendant's claims and the GUC Trust's preference claims against each of the Defendants are resolved by the Settlement

---

[4] A greater distribution is certainly possible but uncertain as it is contingent on the GUC Trust's success on its claims against various lenders.

[5] As we now know, based on the letter from ICICI Lombard General Insurance Company, Ltd. ("ICICI") dated December 14, 2009, it is unclear whether the Defendants' claims are covered by insurance.

[6] Even with insurance, Tara Jewels has no incentive to pay anything on the GUC Trust's $1.5 million preference claim given the *de minimus* amount of its proof of claim.

Agreement. The material terms of the Settlement Agreement (as revised to resolve the objection of ICICI (discussed below)) are as follows:

- Settlement Payment. The Tara Entities shall collectively pay, or cause to be paid, to the Trustee for the benefit of the GUC Trust, up to the aggregate sum of $800,000 in settlement of the Adversary Proceedings, but solely upon and limited and subject to the following:

    - Initial Settlement Payment. Within ten (10) business days after the Effective Date, the Tara Entities shall collectively pay, or cause to be paid, to the Trustee for the benefit of the GUC Trust, the aggregate sum of $200,000.00 (the "Initial Settlement Payment").

    - Secondary Settlement Payment. The Tara Entities shall also pay to the Trustee for the benefit of the GUC Trust an additional settlement payment of up to $600,000.00 (such $600,000.00, the "Secondary Settlement Payment"), as follows:

        - Withholding of Distributions. The Trustee may withhold for the benefit of the GUC Trust the first $600,000 of any distributions on any of the Claims to be applied against any unpaid portion of the Secondary Settlement Amount.[7] Contemporaneous with any distribution by the Trustee to creditors, the Trustee shall provide written notice to the Tara Entities of any amount being withheld (together with an accompanying remittance form that reflects the amount(s) being withheld and, after giving effect to such withholding(s), the remaining unpaid balance of the Secondary Settlement Payment).

        - Payment upon Assignment of Claims. In addition, within seven (7) business days of the filing with the Court of any Notice of Transfer of any of the Claims to an assignee, the Tara Entities shall collectively pay, or cause to be paid, to the Trustee, for the benefit of the GUC Trust, a sum equal to any then unpaid portion of the Secondary Settlement Payment. If such payment is not made by the Tara Entities, the Trustee may withhold for the benefit of the GUC Trust any unpaid distributions on any of the Claims (notwithstanding their assignment to the assignee), but solely to the extent of, and to be applied to reduce in a corresponding amount, any unpaid portion of the Secondary Settlement Amount.

        - Satisfaction of Secondary Settlement Payment. Other than as set forth in the preceding subparagraphs (i) and (ii), the Tara Entities

---

[7] It is significant that the Trustee is able to collect from the Defendants collectively because, as discussed above, the largest distribution will be to T Two, which has the least exposure (only $86,346).

> shall have no other obligation to pay the Secondary Settlement Amount or any balance thereof.

- <u>Allowance of the Claims</u>.  Upon payment of the Initial Settlement Payment, the Claims, and each of them individually, shall (a) become Allowed Unsecured Claims (as defined in the Plan) for their respective amounts as filed (i.e., Claim No. 222 in the amount of $5,378,493.62, Claim No. 223 in the amount of $21,400.00 and Claim No. 224 in the amount of $1,316,165.37), (b) as Allowed Unsecured Claims, be admitted to rank against the insolvent estate of the Debtors and listed in any register of Allowed Unsecured Claims maintained by the GUC Trust and/or the Trustee and (c) be paid as Allowed Unsecured Claims under and pursuant to the Plan.  As Allowed Unsecured Claims, the holders of each of the Claims shall be absolutely entitled (subject to the GUC Trust's right to withhold distributions on account of such Claims as set forth in the immediately preceding paragraph of this Order) to its pro rata portion of any and all payments, distributions or dividends made under the Plan or otherwise to holders of unsecured claims of similar priority against the Debtors, their estates, the GUC Trust and any other trusts established under the Plan.

- <u>Assignment of the Allowed Unsecured Claims</u>.  The Tara Entities may at any time assign all or any portion of the Allowed Unsecured Claims to an assignee whereupon the Trustee shall acknowledge the assignee as the holder of all rights to payment, distribution or dividends in respect of the Allowed Unsecured Claims notwithstanding section 2.3 of the GUC Trust Agreement.

**Objection to Settlement**

17. The Trustee received one objection to the Motion.  By letter dated December 14, 2009, ICICI maintained, *inter alia*, that this Court is without jurisdiction to consider or resolve any issue or enter any order binding ICICI with respect to matters involving any agreement or dispute between ICICI and the Tara Entities and, therefore, demanded that M&S and the GUC Trust remove the provision in the proposed order directing ICICI to pay the Tara Entities any unpaid sums to which the Tara Entities are entitled under that certain credit insurance policy issued by ICICI to the Tara Entities.  The parties have agreed to remove any reference to ICICI from the proposed order and the Settlement Agreement.  A revised proposed order (and revised Settlement Agreement) reflecting this is attached hereto as Exhibit "A."  Accordingly, the only objection to the Motion has been resolved.

18. In view of the foregoing, I believe that the settlement falls well above the lowest level of reasonableness as required by Bankruptcy Rule 9019 and that absent approval of the settlement the GUC Trust is unlikely to achieve a better result without expending substantial funds.

19. Accordingly, I believe the Court should grant the Motion and enter an order, substantially in the form attached hereto as Exhibit "A," approving the Settlement Agreement, and granting the Trustee such other and further relief as it deems just and proper.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of January, 2010.

          /s/ Christopher J. Caruso
Christopher J. Caruso
For Moses & Singer LLP